EULOGIA GAUTIER ET AL., Petitioners, *v.* G. ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, ET AL., Respondents.

No. 326. Argued November 16, 1944.—Decided December 8, 1944.

*Eulogia Gautier* and *Félix Manuel Flores* in *pro per,* for petitioners.
*Joaquín Correa Suárez* for the respondent Manager of the Fund.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The beneficiaries of the workman Julio Flores Meléndez alleged before the Manager of the State Insurance Fund, that while said employee was working for the insured employer The Fajardo Sugar Growers Ass'n (Loíza Section) in July 1942, he received an injury due to a fall which he suffered in the course of his employment and that as a consequence of the injuries sustained the workman died. The manager refused to award compensation, whereupon the beneficiaries appealed to the Industrial Commission. The hearing was set for December 7, 1943, and the beneficiaries appeared with their witnesses, but their attorney **Gerardo J. Walker** failed to appear even though he was timely notified. When the case was called, the beneficiaries stated that their attorney not being present, they were not ready for the hearing. It appears from the record that a telegram had been sent from Río Grande by said attorney on December 6, 1943, addressed to the Chairman of the Commission wherein he requested the postponement of the case to 1:30 in the afternoon because he had a previous engagement in the district court. The commission waited for him until 3:00 P.M. but he did not appear. The Chairman of the Commission told the beneficiaries that he would help them to conduct their case in order that the proceeding should not be postponed, but the beneficiaries did not consent. The manager then moved for the dismissal of the case and his motion was granted on the condition that the case would be again set for hearing if the petitioners and their attorney showed a justifiable reason therefor. Subsequently, the order of dismissal was set aside on motion filed by the petitioners through their counsel, Attorney Walker, and the case was again set for hearing for March 30, 1944. On that day Attorney Walker appeared but not so his witnesses. He informed the commission that his principal witness Dr. Jacinto González was ill and had sent a telegram saying that he could not appear at the hearing on that day. In fact, it

appears from the record that the telegram was received by the Commission on that same day at 10:50 A.M. (even though it was sent at 8:35 A.M.). As an explanation for the non-appearance of his other witnesses, the attorney stated that he had told them not to appear because if Dr. González, who was the principal witness, was unable to appear, the hearing would be postponed. The manager's attorney proposed that he be permitted to offer his evidence and that the petitioners should offer theirs at some later date, to which the attorney for the latter consented, but the commission refused and alleged that if this were done, the order of the evidence would be inverted inasmuch as the beneficiaries were the ones who had to offer their evidence first. Under such circumstances, the commission denied the motion for postponement which was orally presented by petitioners' attorney, and then after setting forth the different incidents to which we have referred, he grounded the dismissal of the case as follows:

"The manager objects to the continuance of the case not only because the hearing had been put off twice, but also because in his opinion the motion for continuance does not comply with the Regulations of the Commission. Subdivision C of Section 5 of said regulations provides: 'Motions for suspension shall be in writing setting forth the grounds therefor.' 'No suspension shall be granted except for just cause.' 'A copy of the motion for suspension shall be served on the parties.' This commissioner is of the opinion that although it is true that the workmen who have cases pending before this commission should be given every opportunity to prove their cases, yet the right of the workman shall not have the scope of hampering the conduct of other proceedings pending before this commission or hindering the rights of the other party, which must also be safeguarded by this commission, concerned with doing justice to all parties alike. This commissioner is of the opinion that the continuance of this case is not justified and that sufficient reasons have not been adduced for such continuance and that the motion therefor does not comply with our regulation . . .We regret that precisely in a death case, persons who are presumptively entitled to compensation should be deprived thereof, but this commission which

is also quasi-judicial in its functions, must apply, so far as possible, the rules of civil procedure prevailing in the courts and a situation like the present one would not be tolerated in any of the courts and we do not see why we have to tolerate it when we operate as a quasi-judicial body.''

■■ We are aware from the record that the commission had a great amount of work pending at the time that this case was decided; we realize the praiseworthy efforts made by the members of the commission to keep their calendar up to date; we censure those lawyers who far from cooperating, hamper the work of the commission; but we believe that in the present case, the punishment imposed upon the beneficiaries by dismissing their case, is not justified. That Dr. González was ill on the day of the hearing has not been contested, and we should presume that his nonappearance was justified. If we take into account that the beneficiaries are people without means, dependents of the workman, we would realize that their nonappearance at the hearing, knowing that the principal witness was ill, is not altogether unjustified, since for said witnesses a trip from Río Grande to San Juan when the case would most likely be suspended, as their attorney had told them, represents a futile sacrifice. Undoubtedly, if the commissioner had accepted the proposal of the manager's attorney, to which the beneficiaries' attorney consented, that is to say, to hear the evidence of the manager and at some subsequent date that of the beneficiaries, no harm would have been caused to any of the parties and the work of the commission would not have been prejudiced.

The fact that the commission is a quasi-judicial body and that the proceedings as conducted by it are in so far as possible, governed by those of the district courts, does not mean that said commission should abandon the flexible and simple traits of administrative process. It seems proper to quote here the language of Mr. Justice Frankfurter at the begin-

ning of his disenting opinion in *Communications Comm'n* v. *N.B.C.,* 319 U.S. 239, 248, 87 L. ed. 1374:

"Unlike courts, which are concerned primarily with the enforcement of private rights although public interests may thereby be implicated, administrative agencies are predominantly concerned with enforcing public rights although private interests may thereby be affected. To no small degree administrative agencies for the enforcement of public rights were established by Congress because more flexible and less traditional procedures were called for than those evolved by the courts. It is therefore essential to the vitality of the administrative process that the procedural powers given to these administrative agencies not be confined within the conventional modes by which business is done in courts."

The lofty purposes of the Workmen's Compensation Act are better served by giving the beneficiaries of the workman another opportunity to be heard, and, to that end, the decision of the Industrial Commission is set aside and the case remanded.